UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GRETCHEN MEIER-DIETRICH

                Plaintiff,	**COMPLAINT AND**

   -against-	**JURY DEMAND**

HYDE PARK CENTRAL SCHOOL
DISTRICT,

                Defendant.
-------------------------------------------------------X

Plaintiff, Gretchen Meier-Dietrich, (hereinafter refers as to 'Plaintiff or Ms. Meier') by and through their undersigned counsel, sues the defendant, Hyde Park Central School District, (hereinafter referred to as "Defendant or the District ") and in support thereof, alleges as follows:

**A.**     **Introduction**

1. This is an action for employment discrimination based on gender, retaliation and equal pay, liquidated damages, and a reasonable attorney's fee pursuant to the Title VII, 42 U.S.C. 2000e et. seq., and the Equal Pay Act (EPA) 29 U.S.C. 206.

**B.**     **Parties, Venue and Jurisdiction**

2. At all times material hereto, plaintiff is a residence of Ulster County, New York. Plaintiff is an employee as defined by Title VII and the Equal Pay Act.

3. Defendant is charged by law with responsibility for the operation, management, and control of the Hyde Park public education.  Defendant is within the jurisdiction of this Court, organized and existing under the laws of the State of New York with a principal place of business located in Dutchess County.

4. At all relevant times, Defendant was an "employer" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 USC § 2000e(b).  As such, Defendant is subject to the

requirements of Title VII (42 USC § 2000e et seq.). Defendant is also employer within the meaning of the Equal Pay Act of 1963 (EPA) (29 U.S.C. § 206(d))

5. Defendant is a public entity existing due to the laws of the State of New York and plaintiff is employed by defendant at all times relevant in the complaint.

6. At all relevant times, Defendant was an "employer" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b)) and Section 3) and (s) and 6(d) of the Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 203®) and (s) and 206(d)). As such, Defendant is subject to the requirements of Title VII (42 U.S.C. § 2000e et seq.) and the FLSA (29 U.S.C. § 201 et seq.), including the Equal Pay Act of 1963 (EPA) (29 U.S.C. § 206(d)). Jurisdiction of this court is invoked pursuant to 29 U.S.C. §§ 206(d), 216(b) and 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiff also duly filed EEOC charges under gender and retaliation and a notice of right to sue letter was received within ninety days of the filing of this lawsuit conferring jurisdiction upon this Court (See Exhibit "A"). Venue is proper in this court because the acts of which Plaintiff complains were committed in this District.

**C.    Factual Statement**

    **i.    Background**

7. Plaintiff was hired in 2006 as a traveling teacher at Defendant.

8. When Plaintiff began working for the Defendant, she noticed a disparity in treatment of female staff members.

9. One of the disparities that was notable was in the number of classes that female teachers were required to teach and the lower compensation provided to the female teachers.

10. During Plaintiff's tenure with the Defendant, she was required to teach six to seven class periods without additional compensation. In the 2009 to 2010 school year, Plaintiff queried her Union (UFT) and the Defendant why she was being required to teach seven classes, while other male teachers only taught five classes. She also questioned why she had not received a stipend

2

or additional payment for this work.

11.   As a result of Plaintiff's complaints, her schedule was reduced to six classes, while the majority of male teachers were only required to teach five. However, Plaintiff was still not provided with any additional compensation.

12.   In or around 2012, Plaintiff again questioned the District, the UFT, the Hyde Park Teachers Association, as to why she was not being provided an equal schedule or being provided extra benefits unlike her male colleagues, but her concerns fell on deaf ears.

    ii.   **Current Claims**

13.   In the 2020-2021, school year, Plaintiff again became aware that multiple male teachers were being paid for teaching a sixth class period, one directly in her department. These teachers who teach an extra class were provided a $7,000 stipend yearly. Female teachers were not provided with this stipend.

14.   Plaintiff requested that she be provided the same compensation.

15.   The District responded by providing excuses as to why Plaintiff was being paid differently. After continued requests, Plaintiff was finally provided with compensation for that semester. However, the UFT refused to file a grievance on her behalf or to pursue past pay that was owed.

16.   The Respondent and the Union retaliated against Plaintiff for making her complaints regarding equal pay.

17.   In or around August 2021, Respondent revised their pay policy to state that traveling teachers could teach six classes without being provided additional compensation.

18.   In addition, to this policy, Plaintiff class schedules were shortened so that she was still required to teach six classes, but with less teaching time and without additional compensation. This was in retaliation for Plaintiff's complaints and requests that women be provided equal

benefits.

19. The UFT agreed to this policy without Plaintiff and its members' approval.

20. Plaintiff made a further request, yet again, to the Union to file a grievance on her behalf as a result of this policy, but they declined to file a grievance on her behalf.

21. The District does not provide the same benefits or privileges to women.

22. When Plaintiff complained about the unequal pay and treatment, the District retaliated against Plaintiff instead of remedying the discrimination.

23. If there is inequity in wages between men and women, employers may not reduce the hours to equalize their pay.

24. Plaintiff has been discriminated and retaliated against based on her gender, female, in that the District paid men more than the Plaintiff, the only woman in her position, with a tenure for over 15 years.

25. Plaintiff was not receiving equal pay for equal work and complained about it.

26. The underpayment was in violation of Equal Pay Act of the United States as well as under Title VII.

**FIRST CLAIM FOR RELIEF**

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 inclusive as if fully set forth at length herein.

28. By this discrimination, Defendant violated 29 U.S.C. § 206(d). The lower rate of pay Plaintiff received was because of her sex. Defendant's treatment of Plaintiff and Defendant's violation of Plaintiff's statutory rights were willful within the meaning of 29 U.S.C. §§ 206(d) and 215. Defendant also retaliated against plaintiff for protected activity.

29. Defendant acted maliciously, wantonly, and in conscious disregard of Plaintiff's rights and Defendant's statutory obligations.

## SECOND CLAIM FOR RELIEF

30. Plaintiff repeats and realleges the allegations contained in the prior paragraphs with the same force and effect as if set forth herein

31. Defendant engaged in discrimination against Plaintiff on the basis of her gender and sex, and retaliation in violation of, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by, among others, the Civil Rights Act of 1991, in connection with the terms, conditions and privileges of her employment including but not limited to her termination.

WHEREFORE, Plaintiff respectfully demands:

1. A declaration that Defendant's actions were retaliatory and discriminatory;

2. Back pay;

3. Loss of earnings;

4. Compensatory Damages;

5. Liquidated Damages;

6. Attorney's fees;

7. Costs and disbursements of this lawsuit;

8. Any other relief this Court may grant.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

Dated: New York, New York
October 23, 2023

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP, PC

STEWART LEE KARLIN
NATALIA KAPITONOVA
*Attorneys for Plaintiff*
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670